IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

WALTER LEE HALL, JR.,
         Plaintiff,

-vs-                                    Case No. A-10-CA-206-SS

CHASE HOME FINANCE, LLC d/b/a Chase Home Finance LLC Successor by Merger to Chase Manhattan Mortgage Corporation and/or Other Occupants of 908 Smoothing Iron Drive, Pflugerville, TX 78660,
         Defendant.
_____

**O R D E R**

      BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically the Defendant Chase Home Finance, LLC's ("Chase") Motion for Sanctions [#10], to which no response has been filed by Plaintiff Walter Lee Hall, Jr. After considering the motion, the relevant law, and the case file as a whole, the Court is of the opinion that the motion for sanctions should be GRANTED. The reasons for this are exhaustively set out in the Court's order of April 21, 2010 [#4] (the "April 21 Order"), in which the Court found "it is clear the [present case] is barred by the doctrine of res judicata," as it is based on exactly the same facts and legal theories as *Chase Home Finance, LLC v. KWI Commun'c., LLC, et al.*, 1:07-CV-01070-SS, a case previously filed in this Court, in which a final judgment was entered against Hall. *See* April 21 Order at 3-5. In the April 21 Order, the Court found the present case is "nothing but a frivolous attempt to avoid [the 2007] judgment" and determined "there is absolutely no basis in law or fact for Hall's present lawsuit, which is clearly intended to harass the opposing parties and delay the inevitable foreclosure of property in question." *Id.* at 5-6. Thus, the Court determined Hall, by signing the petition in this case, had

deliberately and intentionally violated Rule 11 of the Federal Rules of Civil Procedure, as "his claims and contentions [in this case] are in no way warranted by existing law or by a non-frivolous argument for the extension, modification, or reversal of existing law, and are presented for the sole purpose of harassing, causing unnecessary delay, and needlessly increasing in the cost of litigation." *Id.* at 6.

On the basis of the findings in the April 21 Order, the Court ordered that Hall had 21 days from the date of the order to voluntarily dismiss the lawsuit with prejudice, or else be subject to sanctions under Rule 11, including a money judgment for the costs and attorney's fees incurred by all parties sued. *Id.* at 6-7. The Court warned Hall it would, "[a]t the end of the twenty-one day period, ...pursuant to its inherent authority, issue such other sanctions as are necessary and proper if Hall has not filed a voluntary dismissal with prejudice." *Id.* at 7.

Hall has now had over 75 days since the April 21 Order in which to voluntarily dismiss the petition in this case, but he has failed to do so. Thus, for the reasons stated above and in the April 21 Order, the Court finds Plaintiff Walter Lee Hall, Jr., is in violation of Rule 11, and that sanctions are appropriate against Hall for his failure to dismiss this case within the 21 days allotted him by the Court to do so.

In its present motion for sanctions, Chase argues Hall should be required to pay Chase's attorneys' fees and expenses incurred in connection with this case. *See* Def.'s Mot. Sanctions at 3. Because this case is utterly frivolous, and had already been litigated in full at the time it was filed by Hall, the Court agrees with Chase. Chase represents it has incurred a total of $3,042.00 in fees and expenses in defending this lawsuit, and attaches the declaration of Marcie Schout as evidence of the same. *See id.* at Ex. A. Ms. Schout states in her declaration the fees are for 11.30 hours of work by her, at a rate of $222.60 per hour, and .40 hours of work by another attorney at a rate of $266.33 per hour. *Id.* The expenses incurred total $420.99, which include the filing fee for removal and various

charges for postage and courier services.  *Id*.  The Court finds these fees and expenses are reasonable and were necessarily incurred in defending this lawsuit, and therefore finds the fees and expenses should be paid by Hall pursuant to Rule 11, which specifically provides for the award of "some or all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation."  FED. R. CIV. P. 11(c)(2).

Chase also requests, as further sanctions, that the Court enter an injunction preventing Hall from filing any further lawsuit related to the property at issue in this case (908 Smoothing Iron Drive, Pflugerville, Texas), as the title to the property was settled definitively by this Court in the 2007 case. In the 2007 case, the Court ultimately determined Chase has 100% fee simple title to the property in question and entered a final judgment against Hall.  *Id.*; *and see Chase Home Finance, LLC v. KWI Commun'c., LLC, et al.*, 1:07-CV-01070-SS.  Hall's present case is nothing more than a frivolous attempt to avoid that judgment, which he has already requested this Court to reconsider multiple times and appealed to the Fifth Circuit Court of Appeals (both to no effect).

Chase argues this Court has authority under *Harrelson v. United States*, 613 F.2d 114, 116 (5th Cir. 1980) to enjoin Hall from pursuing any future litigation related to the property at issue in this case. In *Harrelson*, the Fifth Circuit upheld a district court's decision to enjoin any future litigation on any cause of action arising from the fact situation at issue in the case because the plaintiff was "abusing the court system by harassing [his] opponents."  *Id*.  In that case, the plaintiff had "forced various defendants in and out of court for almost five years and ha[d] had a full opportunity to present and litigate his claims."  *Id*.  The Court agrees with Chase it is well-settled in this Circuit that a district court has the authority under 28 U.S.C. § 1651 to enjoin litigants from any future litigation where they are found to have abused the judicial process.

Nonetheless, the Court declines at this time to issue a blanket order enjoining Hall from any future litigation relating to the property at issue in this lawsuit. As the Fifth Circuit noted in *Harrelson*, "[s]uch orders are generally unnecessary, as res judicata and collateral estoppel are usually more than adequate to protect defendants against repetitious litigation." 613 F.2d at 116; *see also Kinnear-Weed Corp. v. Humble Oil & Refining Co.*, 441 F.2d 631, 637 (5th Cir. 1971) (holding an injunction barring future litigation "does no more than embody the principles of res judicata and collateral estoppel"). But the Court realizes that Hall's continuing to press this frivolous claim has been costly to the Defendants and has wasted an inordinate amount of this Court's and the Fifth Circuit's time. Therefore, the Court will enter a specifically tailored injunction, enjoining Hall from filing any future lawsuit in the Western District of Texas that is related to the property at issue in the instant lawsuit—908 Smoothing Iron Drive, Pflugerville, Texas—until he has paid the $3,042 in costs and attorneys' fees assessed against him in this order. This injunction is not overly broad, but will ensure Hall understands the severity of his Rule 11 violation and its consequences before he files another frivolous lawsuit.

Finally, the Court notes a debt is non-dischargeable under the Bankruptcy Code if it is based on "willful and malicious" injury to another. 11 U.S.C. § 523(a)(6). Where the debtor has been sanctioned by a court under Rule 11, the test for willful and malicious injury under § 523(a)(6) can be condensed into the single inquiry of whether the debtor was sanctioned for actions that were either "(1) objectively substantially certain to result in harm such that they should be construed to be a badge of intent, or (2) motivated, in the mind of this debtor..., by an intent to inflict such harm[.]" *In re Powers*, 421 B.R. 326, 338 (Bankr. W.D. Tex. 2009) (citing 11 U.S.C. § 523(a)(6)). For collateral estoppel to attach in bankruptcy, the district court must have specifically made such findings in its order levying sanctions. *Id.*

Therefore, in connection with the sanctions entered above, this Court specifically enters the following findings of fact:

1. First, that Hall's conduct in connection with this case—in filing this lawsuit, in continuing to file frivolous pleadings which ignore the rulings of this Court, and in refusing to dismiss the lawsuit—is conduct that was and is objectively substantially certain to result in harm to the Defendants, as they are forced to defend against Hall's claims and respond to Hall's pleadings regardless of how frivolous, nonsensical, and harassing the claims and pleadings are.

2. Second, that Hall was and is clearly motivated by an intent to inflict harm on the Defendants, as he knows his claims are barred by res judicata and has been repeatedly warned about the frivolity of this lawsuit by this Court; however, he continues to file irrational pleadings and to refuse to dismiss this case.

3. Third, that Hall is willfully and maliciously abusing the legal system with his filing and continuance of this lawsuit.

The foregoing findings of fact ensure that the sanctions entered against Hall in this order shall not be dischargeable in bankruptcy, as the conduct for which the Court now sanctions Hall is exactly the type of "willful and malicious" conduct contemplated in § 523(a)(6) of the Bankruptcy Code.

## Conclusion

In accordance with the foregoing,

IT IS ORDERED that Defendant Chase Home Finance, LLC's Motion for Sanctions [#10] is GRANTED, in accordance with the foregoing order.

IT IS FURTHER ORDERED that Plaintiff Walter Lee Hall, Jr., by signing the petition and pleadings in this case and refusing to dismiss this lawsuit with prejudice, has willfully and maliciously violated Federal Rule of Civil Procedure 11.

IT IS FURTHER ORDERED that Chase Home Finance, LLC is hereby awarded attorneys' fees and costs against Walter Lee Hall, Jr., in accordance with this order, in the total amount of $3,042.00 (THREE THOUSAND FORTY-TWO DOLLARS AND NO CENTS), for which let execution issue.

IT IS FINALLY ORDERED that Walter Lee Hall, Jr. is hereby ENJOINED from filing any lawsuit in the Western District of Texas that relates to the property at 908 Smoothing Iron Drive, Pflugerville, Texas, until the Clerk of the Court has determined that Mr. Hall has paid in full the $3,042.00 in costs and attorneys' fees assessed against him in this Order.

SIGNED this the 8th day of July 2010.

_____
SAM SPARKS
UNITED STATES DISTRICT JUDGE